UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

STEVEN MICHAEL STONE,

        Plaintiff,                         Case No. 2:14-cv-160

v.                                          Honorable Robert Holmes Bell

JEFF WOODS et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant McClanahan. The Court will serve the complaint against Defendants Woods, Galladay and Howl.

**Discussion**

I.        Factual allegations

Plaintiff Steven Michael Stone is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility, though the events giving rise to his complaint occurred while he was incarcerated at the Chippewa Correctional Facility (URF). The defendants in the action include prisoner Kevin McClanahan and the following MDOC employees at URF: Warden Jeff Woods, Officer (Unknown) Galladay, and Inspector (Unknown) Howl.

Plaintiff alleges that in December 2012, he told Officer Galladay that he was being threatened by his "old bunkie," prisoner McClanahan. (Compl. 3, docket #1.) Galladay stated that he would not protect Plaintiff or send him to protective segregation. Plaintiff then told his mental health caseworker, who called Inspector Howl. Inspector Howl said that he would "keep a close eye" on Plaintiff and tell the unit officers. (*Id.*) Plaintiff then wrote a kite to Warden Woods telling him that Plaintiff was in fear for his life. Plaintiff received a response to his kite, stating "we can't protect you unless something happens." (*Id.*) Three days later, Plaintiff was stabbed in the face and neck by prisoner McClanahan. A document attached to Plaintiff's complaint suggests that, earlier in the year, he had been placed in protective segregation on multiple occasions at other facilities: in March due to a sexual assault, in April due to "protection assault," and in May because he was threatened by another prisoner. (*See* MDOC Request for Protection/Investigation Report, docket #1-1, Page ID#6.) In December, however, Defendants did not respond to his requests for protection until after he was assaulted by McClanahan. (*See id.* (noting that Plaintiff was placed in segregation on December 20, 2012, because he was stabbed in the neck).)

As relief, Plaintiff seeks damages for his physical injuries and for the ongoing pain that he continues to suffer as a result of those injuries.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Prisoner McClanahan

Defendant McClanahan is a private party, not a state actor. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which McClanahan's conduct could be fairly attributed to the State. Accordingly, Plaintiff fails to state a § 1983 claim against him.

To the extent that Plaintiff states a claim against McClanahan under state law, the Court declines to exercise supplemental jurisdiction over such a claim. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss

the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims against McClanahan, if any, will be dismissed without prejudice.

### B. Defendants Woods, Galladay and Howl

At this stage of the proceedings the Court concludes that Plaintiff states an Eighth Amendment claim against Defendants Woods, Galladay and Howl. Consequently, the Court will order service of the complaint on the latter Defendants.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant McClanahan will be dismissed. The federal claims against him will be dismissed with prejudice for failure to state a claim, and any claims against him under state law will be dismissed without prejudice because the Court declines to exercise jurisdiction over such claims. The Court will serve the complaint against Defendants Woods, Galladay and Howl.

An Order consistent with this Opinion will be entered.


Dated: <u>October 14, 2014</u>          /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE